ALBANY,
Oct. 1825.

WENDELL *against* THE PRESIDENT, DIRECTORS AND COMPANY OF THE WASHINGTON & WARREN BANK.

Wendell
v.
Washington
and Warren
Bank.

IN assumpsit, the facts were thus : The plaintiff was the owner, and held bills of the defendants, to $1200, which, on the 1st June, 1820, he presented to the defendants' cashier within banking hours, and demanded payment in specie, which the cashier refused. This suit was for the principal, damages, and interest. The defendants paid into Court, the principal and ten per cent. per annum *damages*, since the demand ; and the only question was, whether, under the statute incorporating the defendants, (sess. 40, ch. 185, s. 10,) the plaintiff should also recover legal interest on the same principal, at 7 per cent.

Under the 10th section of the act incorporating the Washington & Warren Bank, (sess. 40, ch. 185,) the person whose bills, &c. are refused payment in specie, may recover, not only the principal sum due, with the usual interest, at 7 per cent. ; but also 10 per cent. per annum, on the same principal, from the time payment is demanded, till it is made.

*J. L. Wendell*, for the plaintiff, insisted that he should ; and cited *Hendricks* v. *Franklin*, (4 John. Rep. 119.)

*B. F. Butler*, contra.

*Curia*, per SAVAGE, Ch. Justice. The section in question provides, that the defendants shall be liable to pay for all notes, bills, &c. the payment of which shall have been demanded, as the bills in this case were, and which shall not have been paid in specie, *damages* at the rate of 10 per cent. per annum, until they shall be paid or otherwise satisfied. I think the legislature intended this 10 per cent. as an addition to the sum of principal and interest which was already recoverable at law. They intended this, by way of punishment to the defendants, and compensation to the plaintiff, for his loss and disappointment. There is certainly some analogy between this case, and that of protested foreign bills of exchange, upon which the drawer is bound to pay, not only interest and 20 per cent. damages, (4 John. 119,) but the difference of exchange. (12 id. 17.) The plaintiff must have judgment for $336, over and above what has been paid into Court.

Judgment accordingly.